UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>　　One Tower Square<br>　　Hartford, Connecticut 06183<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>INNOVATIVE SERVICE TECHNOLOGY MANAGEMENT SERVICES, INC.<br>t/a IST MANAGEMENT SERVICES, INC.<br>　　934 Glenwood Avenue<br>　　Suite 250<br>　　Atlanta, Georgia 30316<br><br>　　　　*Serve on:*<br>　　　　Resident Agent<br>　　　　Corporation Service Company<br>　　　　1090 Vermont Avenue, NW<br>　　　　Washington, DC 20005<br><br>　　　　　*Defendant*. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 20-1805 |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## **COMPLAINT**

Plaintiff, Travelers Casualty and Surety Company of America ("Plaintiff" or "Travelers") by undersigned counsel, sues the Defendant, Innovative Service Technology Management Services, Inc. t/a IST Management Services, Inc. ("IST"), and in support thereof states:

### **Parties, Jurisdiction, and Venue**

1.　Travelers is a Connecticut corporation engaged in the insurance business with its principal place of business in Hartford, Connecticut.

1

2. Travelers, as insurer/surety, issued bond/policy no. 053-LB-105570410 ("Bond/Policy") on behalf of the American Psychological Association ("APA"). Upon information and belief, the APA is an entity formed and existing under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. Defendant, IST, is a Georgia corporation with its principal place of business in Atlanta, Georgia.

4. On or about March 13, 2017, the APA entered into the "APA Independent Contractor Agreement" ("IST Agreement") with IST. A copy of the IST Agreement is attached hereto and incorporated herein as **EXHIBIT 1**.

5. Pursuant to the IST Agreement, IST provided personnel to work in the APA's mailroom located at 750 First Street NE, Washington, DC 20002. As part of their duties and services, the IST personnel would receive and properly deliver mail and packages to various APA departments. Additionally, the IST personnel would receive checks in the mail, and would be responsible for the proper handling of those checks.

6. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to this action occurred in the District of Columbia.

**Facts**

8. Following the commencement of IST's services under the IST Agreement, APA learned that certain checks mailed by APA customers had apparently been stolen and deposited into fraudulent bank accounts opened at various locations around the country.

9. APA promptly engaged Kroll, to investigate the circumstances surrounding the stolen checks. Kroll ultimately determined that the checks had been stolen, forged and fraudulently deposited into various bank accounts by Leroya Kearse, an IST employee.

10. APA made a claim against Travelers pursuant to the Bond/Policy.

11. On or about May 24, 2019, pursuant to its obligations under the Bond/Policy, Travelers made payment to the APA in the amount of $241,470.85 (the "Loss Payment").

12. The Loss Payment was made because of the actions and/omissions of IST and its employee.

13. In exchange for the Loss Payment, the APA executed a Release and Assignment dated February 25, 2019 in favor of Travelers, a copy of which is attached hereto and incorporated herein as **EXHIBIT 2**. Pursuant to the Release and Assignment, the APA assigned to Travelers all claims and rights it had, or may have, against any person or party described therein and/or relating to the claim submitted by the APA against the Bond/Policy. The assigned claims and rights include any right to recovery or cause of action APA previously had against IST.

14. Additionally, pursuant to the terms of the Bond/Policy, APA agreed that:

> The [APA] must transfer to [Travelers] all of [APA's] right of recovery against any person or organization for any loss [APA] sustained and for which [Travelers] has paid or settled. [APA] must also do everything necessary to secure those rights and do nothing after loss to impair them.

### Count I - Assignment

15. Travelers incorporates by reference the allegations in Paragraphs 1 through 15 of this Complaint, as if fully set forth herein.

16. As a result of the thefts committed by IST employee Ms. Kearse, Travelers paid APA the sum of $241,470.85 pursuant to its obligations under the Bond/Policy.

17. Pursuant to the terms of the Bond/Policy and the Release and Assignment, Travelers is entitled to recover the amount of its Loss Payment directly from IST.

WHEREFORE, Travelers demands judgment against IST in the amount of TWO HUNDRED FORTY ONE THOUSAND FOUR HUNDRED SEVENTY DOLLARS and Eighty Five Cents ($241,470.85), plus interest, attorneys' fees, and such other and further relief as justice requires.

### Count II - Subrogation

18. Travelers incorporates by reference the allegations in Paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

19. The losses sustained by APA and Travelers are the direct result of the unlawful and improper acts of Ms. Kearse, as IST's employee, and IST.

20. Pursuant to the equitable doctrine of subrogation, Travelers is entitled to recover the amount of the Loss Payment from IST.

WHEREFORE, Travelers demands judgment against IST in the amount of TWO HUNDRED FORTY ONE THOUSAND FOUR HUNDRED SEVENTY DOLLARS and Eighty Five Cents ($241,470.85), plus interest, attorneys' fees, and such other and further relief as justice requires.

/s/ Patrick J. Madigan
Patrick J. Madigan, Bar No. 497156
Pike & Gilliss, LLC
600 Washington Avenue
Suite 303
Towson, Maryland 21204
(443) 761-6500
(443) 761-6519 (fax)
pmadigan@pikegilliss.com
*Attorneys for Plaintiff*
